**FILED**

IN THE UNITED STATES DISTRICT COURT

JUN 1 7 2004

DISTRICT OF SOUTH CAROLINA

LARRY W. PROPES, CLERK
CHARLESTON, SC

AIKEN DIVISION

| | |
|---|---|
| ROSE C. RILEY, as Personal Representative of the Estate of John J. Riley, ) ) ) | Civil Action No. 1:04-1845-22 |
| Plaintiff, ) ) ) | |
| vs. ) ) | ANSWER OF DEFENDANTS |
| CONSECO LIFE INSURANCE COMPANY ) and WASHINGTON NATIONAL INSURANCE ) COMPANY, ) ) | |
| Defendants. ) ) | |

The Defendants, Conseco Life Insurance Company ("Conseco Life") and Washington National Insurance Company ("Washington National"), answering the Complaint of plaintiff, would show unto this Court as follows:

### FOR A FIRST DEFENSE

1. Each and every allegation contained in the Complaint not hereinafter specifically admitted is denied, and strict and competent proof of such allegations is demanded.

2. Defendants lack knowledge or information sufficient to form a belief as to the allegations of paragraphs 1, 2 and 3 of the Complaint and, therefore, deny the same.

3. Answering paragraph 4 of the Complaint, defendants admit only that a policy of life insurance was issued by Massachusetts General Life Insurance Company ("Massachusetts General") insuring the life of a person named Tom P. Sherlock. Defendants would crave reference to the written policy itself for the particular terms and conditions of insurance and deny any allegations of the plaintiff inconsistent with such terms and conditions.

4. Defendants admit paragraph 5 of the Complaint.

5. Answering Paragraph 6 of the Complaint, Defendants admit only that Massachusetts General Life Insurance Company changed its name to Conseco Life Insurance Company.

6. Paragraph 7 of the Complaint calls for conclusions of law to which no response is required. To the extent one is required, defendants admit only that Massachusetts General changed its name to Conseco Life, but expressly denies any obligation to "honor" the policy outside the express terms and conditions thereof.

7. Answering paragraph 8 of the Complaint, defendants admit only that a policy of life insurance was issued by Pioneer Life Insurance Company of Illinois ("Pioneer Life") insuring the life of a person named Tom P. Sherlock. Defendants would crave reference to the written policy itself for the particular terms and conditions of insurance and deny any allegations of the plaintiff inconsistent with such terms and conditions.

8. Defendants admit paragraph 9 of the Complaint.

9. Answering paragraph 10 of the Complaint, Defendants admit only that Pioneer Life Insurance Company merged with Washington National Insurance Company.

10. Paragraph 11 of the Complaint calls for conclusions of law to which no response is required. To the extent one is required, defendants admit only that Pioneer Life merged into Washington National, but expressly denies any obligation to "honor" the policy outside the express terms and conditions thereof.

11. Defendants deny the allegations of paragraphs 12 and 13 of the Complaint.

12. Defendants lack knowledge or information sufficient to form a belief as to the allegations of paragraph 14 of the Complaint and, therefore, deny the same.

13. Defendants lack knowledge or information sufficient to form a belief as to the allegations of paragraph 15 of the Complaint and, therefore, deny the same, except insofar as it is alleged that the plaintiff provided the Defendants with Notice of Loss or otherwise complied with the claims procedures required by the policies, which said allegation is expressly denied.

14. Defendants deny the allegations of paragraphs 16, 17 and 18 of the Complaint.

## FOR A SECOND DEFENSE

15. Defendants reassert the allegations of the preceding paragraphs hereof and incorporate the same herein as if restated verbatim.

16. The Complaint fails to state a claim upon which relief can be granted.

## FOR A THIRD DEFENSE

17. Defendants reassert the allegations of the preceding paragraphs hereof and incorporate the same herein as if restated verbatim.

18. Defendants would show that plaintiff has never filed a claim for insurance proceeds with either defendant in connection with either of the subject policies.

19. Plaintiff's failure to comply with the claims procedures set forth in the policies constitutes a complete bar to recovery.

## FOR A FOURTH DEFENSE

20. Defendants reassert the allegations of the preceding paragraphs hereof and incorporate the same herein as if restated verbatim.

21. Plaintiff's claim is barred by the applicable statute of limitations.

## FOR A FIFTH DEFENSE

22. Defendants reassert the allegations of the preceding paragraphs hereof and incorporate the same herein as if restated verbatim.

23. Plaintiff's claim is barred by the doctrine of laches.

## FOR A SIXTH DEFENSE

24. Defendants reassert the allegations of the preceding paragraphs hereof and incorporate the same herein as if restated verbatim.

25. Plaintiff's claim is barred by the doctrine of waiver.

## FOR AN SEVENTH DEFENSE

26. Defendants reassert the allegations of the preceding paragraphs hereof and incorporate the same herein as if restated verbatim.

27. Plaintiff lacks standing to bring the present action.

## FOR A EIGHTH DEFENSE

28. Defendants reassert the allegations of the preceding paragraphs hereof and incorporate the same herein as if restated verbatim.

29. Plaintiff's claim is not ripe for adjudication.

## FOR A NINTH DEFENSE

30. Defendants reassert the allegations of the preceding paragraphs hereof and incorporate the same herein as if restated verbatim.

31. Plaintiff's claim for punitive damages, and any award thereof, would violate the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 3 of the South Carolina Constitution.

WHEREFORE, having fully answered, defendants prays that the Complaint be dismissed with prejudice, for costs and attorneys fees, and for such other and further relief as the Court may deem just and proper.

4

CLT 782911v1

*[signature]*

Robert C. Byrd (Fed. ID No. 1643)
bobbybyrd@parkerpoe.com
Jenny Anderson Horne (Fed. ID No. 7048)
jennyhorne@parkerpoe.com
PARKER POE ADAMS & BERNSTEIN, L.L.P.
200 Meeting Street, Suite 301
Charleston, South Carolina 29401
(843) 727-2665

Attorneys for Defendants

June 17th, 2004

Charleston, South Carolina

5

CLT 782911v1

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing **Answer of Defendants** has been served upon the following counsel of record by mailing a copy of the same to him, postage prepaid, in the United States Mail, addressed as shown below this 17th day of June, 2004.

**Leland M. Malchow, Esquire**
**NIMMONS & MALCHOW, P.C.**
**Post Office Box 460**
**Augusta, GA 30903**

*Kimberly W. Reittinger*
Parker Poe Adams & Bernstein, L.L.P.
200 Meeting Street
Suite 301
Charleston, SC 29401

CLT 782911v1