UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Rose C. Riley, as Personal Representative of the Estate of John J. Riley, ) ) ) Plaintiff, ) ) vs. ) ) Conseco Life Insurance Company and ) Washington National Insurance Company, ) ) Defendant. ) _____) | Civil Action No.: 1-04-1845-RBH **ORDER GRANTING SUMMARY JUDGMENT** |

**Procedural History**

Plaintiff Rose C. Riley originally filed this case in the Aiken County Court of Common Pleas alleging that she, as personal representative of her late husband's estate, is entitled to collect proceeds under two separate life insurance policies issued by defendants to Thomas Sherlock. The policies named the plaintiff's late husband as the beneficiary of those policies. The defendants removed the case based on diversity jurisdiction.

Defendant moves pursuant to Rule 56(c) of the Federal Rules of Civil Procedure for summary judgment on the basis that the plaintiff has no standing to claim any rights to the proceeds of the policies at issue. This Court heard oral arguments on the defendants' motion for summary judgment on April 19, 2005. At the conclusion of oral arguments, this Court took defendants' motion for summary judgment under advisement.

**Facts**

Pioneer Life Insurance issued a $35,000 life insurance policy and Massachusetts General Life issued a $50,000 life insurance policy on the life of Thomas Sherlock. The defendants are the

successors to these companies. The beneficiary identified in both policies was John J. Riley. There was no alternate beneficiary in either policy. Instead, they both provided that in the event a beneficiary predeceases an insured, the proceeds are to be paid to the policy owner or his estate. The Pioneer policy defines "owner" as the insured named on page three (3) of the policy, unless otherwise indicated on the application. There is no indication of any owner other than the insured on the applications[1] for the Pioneer policy. Likewise, the Massachusetts General policy defines "owner" as the person set forth in the application. The applications for both policies designate Tom P. Sherlock as the insured and do not designate a different policy owner.

On April 3, 2000, the sole beneficiary to the policies at issue, John J. Riley, died. Almost a year later, on March 13, 2001, the insured, Tom P. Sherlock, died.

## Legal Standard for Summary Judgment

Defendants filed their motion for summary judgment pursuant to Rule 56, FRCP. The moving party bears the burden of showing that summary judgment is proper. Summary Judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rules 56(c), FRCP; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. *Celotex*, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine issue for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine issue for trial. Fed. R. Civ. P. 56(e); *Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). The non-moving party must come forward with enough

---

[1] Sherlock allowed both the Pioneer Life and the Massachusetts General policies to lapse, thus there are two (2) applications for each policy–one for the initial application and one for the reinstatement.

evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. *Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. *Barber v. Hosp. Corp. of Am.*, 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at trial on the merits." *Mitchell v. Data General Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993).

### Discussion

The defendants argue that, pursuant to the terms of the policies, neither the beneficiary nor his estate is entitled to receive the proceeds of either policy and that the plaintiff lacks standing to claim any portion of the proceeds of either policy. The plaintiff asserts that she is entitled to the policy proceeds because she and her late husband paid all of the insurance premiums on the two (2) policies at issue. The plaintiff argues that there are genuine issues of material fact as to her equitable right to the proceeds of the policies.

"[I]nsurance policies are subject to general rules of contract construction." *State Auto Property and Cas. Ins. Co. v. Raynolds*, 564 S.E.2d 677, 679 (S.C. Ct. App. 2002). In declaring rights under an insurance policy, "court[s] must interpret the language of an insurance policy using its plain, ordinary and popular meaning." *Id*. The policies at issue unambiguously state that if a beneficiary predeceases the insured, the benefits will be paid to the estate of the policy owner. It is undisputed that the sole beneficiary of the policies, John J. Riley, predeceased the insured. Under the terms of the policies the estate of John Riley is not entitled to the policy proceeds.

The plaintiff knew, or should have known, that her husband was listed as the sole beneficiary

3

of these policies. She had almost a year after her husband's death to have Sherlock name her as the beneficiary on the policies, but failed to do so. Additionally, at the time the policies were applied for, the plaintiff or her husband's estate could have been named as an alternate or contingent beneficiary in the event of her husband's death, but failed to do so.

Plaintiff's argument that she is equitably entitled to the policy proceeds because she and her husband paid approximately $44,000 in premiums is compelling, but she presents no South Carolina law or other South Carolina authority for that proposition. Under South Carolina, when a "contract is unambiguous a Court must construe its provisions according to the terms the parties used; understood in their plain, ordinary, and popular sense." *Schulmeyer v. State Farm Fire and Casualty Co.*, 579 S.E.2d 132, 134 (S.C. 2003). This Court finds that the policies at issue are unambiguous and it is bound by the provisions of those policies. While this may seem harsh, counsel for the plaintiff has advised the Court that the plaintiff does not wish to join any additional parties and the Court is hesitant to consider equitable remedies without all of the interested parties (namely, the estate of Thomas Sherlock) being made a party to this lawsuit.

## Conclusion

I find as a matter of law that there are no issues of material fact and defendants are entitled to summary judgment as a matter of law. For the foregoing reasons, the undersigned **GRANTS** the defendants' motion for summary judgment and this case is **DISMISSED**.

**AND IT IS SO ORDERED.**

                                            s/ R. Bryan Harwell
                                            R. Bryan Harwell
                                            United States District Court Judge

May 10, 2005
Florence, South Carolina